**FILED**
**CLERK**

8/24/2016 2:13 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JASON P. BRAND,

                        Plaintiff,

        -against-

SCOTT KAY, MELISSA BERNSTEIN, FEMA,
US BANK NA,

                        Defendant.
-------------------------------------------------------------X

**ORDER**
16-CV-4039 (JMA)(GRB)

**AZRACK, United States District Judge:**

On July 20, 2016, *pro se* plaintiff Jason P. Brand filed his eleventh *in forma pauperis* complaint in this Court.[1] This complaint is against Scott Kay ("Kay"), Melissa Bernstein ("Bernstein"), Federal Emergency Management Agency ("FEMA") and "U.S. Bank NA" ("U.S. Bank" and collectively, "defendants") and seeks to recover payment made in connection with home repairs made to a residence located in Merrick, New York following Hurricane Sandy. Plaintiff does not allege a plausible claim against FEMA, nor does he allege any basis to invoke this Court's federal question subject matter jurisdiction. Because the remaining defendants and plaintiff are alleged to be New York citizens (see Compl. ¶ II. C.), the Court's diversity jurisdiction does not lie. Accordingly, the Court lacks subject matter jurisdiction over plaintiff's complaint and it is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

---

[1] See 15-CV-5021(JMA)(GRB) Brand v. Narco Freedom, 15-6285(JMA)(GRB) Brand v. US Bank, 15-6286 (JMA)(GRB) Brand v. AIG, 15-6371(JMA)(GRB) Brand v. Lloyds of London, 15-6437(JMA)(GRB) Brand v. NYS Attorney General, 16-580(JMA)(GRB) Daso Development Corp. v. AmTrust NA, 15-6678 (JMA)(GRB) Brand v. Arch Specialty Ins. Co., 16-CV-1998(JMA)(GRB) Brand v. Chex Sys. Inc., 16-CV-3965 Brand v. Bank of America NA, and 16-2586(JMA)(GRB) Brand v. Law Dept.

**I. BACKGROUND**[2]

Plaintiff's brief complaint is submitted on the Court's general complaint form and is difficult to decipher. In its entirety, plaintiff's "Statement of Claim" alleges:[3]

> The Defendants hired a company owned by the plaintiff to repair their property back to preloss conditions following a hurricane. The plaintiff worked directly with the defendants insurance companies & had come up with a estimate on the repairs needed. The plaintiff hired a architect, expeditor, engineer, & other trades & starting to rebuild this home. The contractor signed an agreement with the home owners & FEMA in that payments would be made at certain intervals & inspections by the Mortgager in which had to issue such funds to the contractor directly. At a time the homeowner wanted an additional extension added to their home & another "separate" cost was provided on those costs. When payments were promised, they were never received & the plaintiff had to stop until further payments were made. None were provided & the escrow money is in contract with an agreement between plaintiff and FEMA.

(Compl. ¶ III.C.) In the space on the form complaint that calls for a description of any injuries suffered, plaintiff alleges:

> The insurance company (FEMA) allocated $138,000 for the refurb in which approx. $30,000 has been paid to date. The additional "dormor" & excess non-covered damages amount to $95,000 in which no money was released. We were told that SBA loan was attained to cover the excess costs over the FEMA refurb. All contracts are [indeciperable] & I'm asking that the lien remain & the contract is honored.

(Id. ¶ IV.) For relief, plaintiff seeks "payment that was reserved by FEMA & held in escrow for the refurbishment of $138,000 plus additional agreed work, storage, etc. $103,000 costs associated with this long claim, interest, damages, as the court shall feel proper & just. $241,000 + fees, interest, ins. as agreed by the Court at an amount agreed to at trial." (Id. ¶ V.)

---

[2] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[3] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

Pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination.

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that

3

is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

## C. Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700–01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; see also Fed. R. Civ. P. 12(h)(3).

The basic statutory grants of subject matter jurisdiction are set forth in 28 U.S.C. §§ 1331 and 1332. See Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Section 1332 provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332.

Here, although plaintiff has checked the box on the form complaint to allege that the basis for federal court jurisdiction arises is federal question, does not allege that a federal Constitutional, statutory or treaty right is at issue. (See Compl. ¶ II. A-B.) Rather, plaintiff alleges "payment for work preformed on a residence damaged by Hurricane Sandy, lien placed by planitiff to secure payment, per FEMA regs, non-payment & home in foreclosure." (Id. ¶ II. B.) Notwithstanding allegation that plaintiff seeks to invoke federal question subject matter jurisdiction, plaintiff also provides the place of citizenship of all parties, New York. (Id. ¶ II. C.) Thus, affording the pro se complaint a liberal construction, it appears that plaintiff seeks to invoke this Court's jurisdiction under both sections 1331 and 1332. However, plaintiff's allegations concerning jurisdiction do not establish that complete diversity exists because plaintiff has alleged that all parties are citizens of New York. (Id.) Accordingly, the Plaintiff has not established this Court's subject matter jurisdiction under Section 1332.

As noted above, subject matter jurisdiction may also be established where the complaint presents a federal question pursuant to § 1331. "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513. A claim alleging federal-question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" (Id. at 513 n.10). Although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

Here, even given a liberal construction, plaintiff's complaint does not allege a federal claim such that the Court's federal question subject matter jurisdiction may be invoked. As is readily apparent, despite plaintiff's citation to the "FEMA regs", his allegations do not present a colorable federal claim. And, despite the fact that plaintiff names FEMA as a defendant, jurisdiction does not lie pursuant to 28 U.S.C. § 1346 given the total absence of allegations against FEMA. Accordingly, the Court lacks subject matter jurisdiction over plaintiff's complaint and it is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

**D.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint, particularly given his litigation history. Given that the reason for the dismissal of plaintiff's complaint is substantive and could not be cured in an amended complaint, leave to amend the complaint is denied. However, plaintiff may pursue any valid claims he may have in

state court.

## III.     CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but plaintiff's claim are *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. Rule of Civ. P 12(h)(3).  The Clerk of the Court shall mail a copy of this order to the plaintiff and mark this case closed.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                                    /s/ JMA_____
                                                                                Joan M. Azrack
Dated:   August 24, 2016                                         United States District Judge
            Central Islip, New York

7